UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO DEALERSHIP GROUP, LLC, | Case No. 2:21-cv-00696-MCS-PD |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 17)** |
| v. | |
| GENERAL MOTORS LLC et al., | |
| Defendants. | |

Defendant General Motors LLC ("GM") moves to dismiss the First Amended Complaint of Plaintiff Reno Dealership Group, LLC (FAC, ECF No. 14). (Mot., ECF No. 17.) Plaintiff filed an untimely response. (Opp'n, ECF No. 20.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court takes off calendar the hearing on the motion set for May 17, 2021.

## I. BACKGROUND

The Court recited the factual allegations in detail in its order granting a prior motion to dismiss. (Prior Order 1–2, ECF No. 13.) In short, Plaintiff is a GM dealer, and a Dealer Sales and Service Agreement ("DSSA," FAC Ex. A, ECF No. 14) governs the parties' relationship. Plaintiff alleges GM and Robert Coffey, GM's Western

Regional Director, declined to respond to Plaintiff's complaints that other GM dealers engaged in misleading marketing and advertising. GM also delayed delivery of new vehicles to Plaintiff's port of entry. (FAC ¶¶ 9–55.) Plaintiff asserts two claims: (1) breach of contract against GM, and (2) negligence against GM and Coffey. (*Id.* ¶¶ 56–69.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

Plaintiff filed its opposition brief over a week late. *See* C.D. Cal. R. 7-9. The Court deems Plaintiff's failure to timely respond to the motion as its consent to the granting of the motion. C.D. Cal. R. 7-12. The Court grants the motion on this basis. *See Whitten v. Screen Actors Guild*, No. CV 19-5818-DMG (JEMx), 2019 U.S. Dist. LEXIS 185223, at *2 (C.D. Cal. Oct. 24, 2019) (granting motion to dismiss for failure

to file a timely opposition); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

As an independent ground for granting the motion, the Court considers Plaintiff's opposition brief and determines that the FAC fails to state a claim.

### A.    Breach of Contract

Plaintiff claims Defendant breached the DSSA by (1) failing to advise other dealers they could not use GM advertising and sales promotions falsely and (2) failing to deliver new motor vehicles to Plaintiff in a fair and equitable manner. (Opp'n 5–11; FAC ¶¶ 59–60.) The Court dismissed the breach of contract claim in the Complaint on the basis that Plaintiff did not allege facts showing the DSSA obliged GM to undertake the acts Plaintiff claimed GM breached. (Prior Order 3–4 (citing, *inter alia*, *Grand Trunk W. R.R., Inc. v. Auto Warehousing Co.*, 262 Mich. App. 345, 351 (2004)).) The FAC does not cure this defect.

In its first theory, Plaintiff claims that GM breached DSSA §§ 5.1.1, 5.1.5, and 5.1.6; in its second, that GM breached DSSA §§ 5.3, 6.1, 6.4.1, and 7.1.1. (FAC ¶¶ 59–60; Opp'n 5–11.) The Court previously examined and rejected Plaintiff's theories of breach under each of these provisions. (Prior Order 2–3.) Plaintiffs' newly pleaded allegations supporting these theories are disguised legal conclusions. (*E.g.*, FAC ¶ 13 ("The Agreement created a bilateral obligation . . . .").) *See Twombly*, 550 U.S. at 555 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation . . . ." (internal quotation marks omitted)).

None of the DSSA provisions Plaintiff cites in support of its first theory of breach obliges GM to do anything to regulate nonparties to the DSSA. DSSA § 5.1.1 requires the "Dealer"—here, Plaintiff—to "effectively, ethically and lawfully sell and promote, the purchase, lease and use of Products." It does not bind GM, let alone require GM to enforce this provision against other dealers under those dealers' respective dealership agreements. Nor is GM bound by the DSSA to enforce other dealers' compliance with

DSSA § 5.1.6, which requires Plaintiff—not GM or any other dealer—to refrain from misleading or unethical advertising or promotional activities. Similarly, DSSA § 5.1.5, which obliges GM to conduct general advertising programs and provide advertising and sales promotion materials to Plaintiff, does not require GM to regulate other dealers' marketing and advertising practices.

Plaintiff's restated second theory of breach remains implausible. The DSSA does not oblige GM "to deliver new motor vehicles to Plaintiff's dealership in a fair and equitable manner," (FAC ¶ 60)—it requires GM to "*endeavor* to distribute new Motor Vehicles among its dealers in a fair and equitable manner," (DSSA § 6.1 (emphasis added)). Plaintiff overlooks this important qualifier. The provision it cites does not bind GM to deliver *any* number of vehicles to Plaintiff; instead, GM reserved "discretion in accepting orders and distributing Motor Vehicles, and its judgments and decisions are final." (*Id.*) Nor does DSSA § 6.4.1 require GM to deliver any number of vehicles. The provision requires GM to make vehicles available to Plaintiff "subject to Article 6.1"—in other words, subject to GM's unilateral, final discretion to distribute vehicles. (*Id.* § 6.4.1.) As with its Complaint, Plaintiff has not pleaded facts presenting a reasonable inference that DSSA § 5.3 or § 7.1.1, which concern customer satisfaction, require GM to deliver vehicles. The specific terms of the vehicle distribution provisions control. *Village of Edmore v. Crystal Automation Sys., Inc.*, 322 Mich. App. 244, 263 (2017). In any event, DSSA § 7.1.1 does not impose any obligation on GM. (*See* DSSA § 7.1.1 ("Dealer agrees to perform . . . .").)

The pleaded facts do not present a reasonable inference that the DSSA requires GM to advise other dealers not to engage in false advertising or promotions, or to deliver new motor vehicles in a fair and equitable manner. The claim again must be dismissed.

**B.    Negligence**

Plaintiff claims that GM and Coffey breached their common law duty of reasonable care "to not act negligently in addressing unfair and deceptive [sic] marketing practices," and that GM breached its common law duty "to not act

negligently in delivering vehicles to Plaintiff." (FAC ¶¶ 63–65.) The Court dismissed the negligence claim in the Complaint for failure to allege a tort duty independent of the DSSA. (Prior Order 5–6.)

The claim in the FAC does not fare any better. Plaintiff alleges GM and Coffey "had a duty to ensure that authorized GM dealers were not engaging in unfair and deceptive marketing practices," and that "GM had a duty to ensure that vehicles were delivered to Plaintiff's dealership timely, in new condition, and without damage." (FAC ¶¶ 63–65.) Plaintiff asserts these are "common law dut[ies] of reasonable care" that arise "[i]ndependent of any contractual allegations." (*Id.*) Plaintiff supports these new legal conclusions with no factual allegations. Plaintiff's contention that the common law imposes a legal duty, absent a contractual relationship, to deliver vehicles and deter others' unfair marketing practices is simply implausible. As the Court previously remarked, the only facts that plausibly could give rise to the duties identified derive from obligations under the DSSA. (*See* Prior Order 6.) Plaintiff cannot recover in negligence for an alleged breach of the DSSA. *See Archer v. Coinbase, Inc.*, 53 Cal. App. 5th 266, 278 (2020); *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.*, 489 Mich. 157, 171 (2011); *Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135 (1987).[1] In any event, as discussed above and in the previous order, the DSSA does not oblige GM (or Coffey, a nonparty to the DSSA) to undertake the identified duties.

Without a well-pleaded, cognizable legal duty, this claim against GM must be dismissed. The Court dismisses the claim against Coffey on the same basis. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008).

---

[1] The parties cite decisions from California, Michigan, and Nevada courts in their briefs. (Mot. 16–17; Opp'n 11–13.) The law on this issue is substantively similar in all three states, so the Court declines to resolve which state's law applies. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009) ("Here, the choice of law inquiry ends . . . because California law and Oregon law do not differ.").

## C.    Leave to Amend

Plaintiff was unable to cure the deficiencies the Court identified in its order dismissing the Complaint. Granting further leave to amend would be futile. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (noting that district courts have "particularly broad," "wide discretion in granting or refusing leave to amend after the first amendment" (internal quotation marks omitted)); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (affirming denial of leave to amend where amended complaint failed to cure defects identified in order dismissing prior complaint).

## IV.    CONCLUSION

The motion is granted. The Court dismisses the FAC without leave to amend. The Court directs the Clerk to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: May 10, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE